Frank A. Scanga, Esq. (FS 1460)
477 Madison Avenue
21st Floor
New York, New York 10022
(212) 758-4040

Attorney for Defendants: 233 Broadway Owners, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

                                            **21 MC 102(AKH)**

THIS DOCUMENT ONLY APPLIES TO THOSE
CASES IN THE WORLD TRADE CENTER
LOWER MANHATTAN DISASTER SITE
LITIGATION BEARING DOCKET NUMBER(S)

06CV1520
06CV5339
07CV4465
07CV05371
06CV11141
07CV4463

IN WHICH 233 BROADWAY OWNERS LLC
PARTIES ARE DEFENDANTS
------------------------------------------------------------------X

## DEFENDANTS, 233 BROADWAY OWNERS, LLC'S
## AMENDED ANSWER TO MASTER COMPLAINT

      Defendants, 233 Broadway Owners, LLC., (hereinafter referred to as the "Answering

Defendant(s)") by their attorney, Frank A. Scanga, Esq., as and for their amended answer to the

Master Complaint, respectfully allege, upon information and belief, as follows:

      1.      Deny the allegations contained in Paragraphs designated 1, 2, 3 and 6 of the Master

Complaint insofar as they relate to the Answering Defendants, and deny knowledge or information

sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities

other than the Answering Defendants.

  2. Deny the allegations contained in paragraphs designated 4 of the Master Complaint and leaves all questions of law to the determination of the Court.

  3. Deny the allegations contained in Paragraphs designated 5 and 7 and of the Master Complaint insofar as they relate to the Answering Defendant(s), deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than the Answering Defendant(s), and leaves all questions of law to the determination of the Court.

  4. Deny the allegations contained in paragraphs designated 8,9 and 10 of the Master Complaint and leaves all questions of law to the determination of the Court.

  5. Deny the allegations contained in Paragraph designated 11 of the Master Complaint.

  6. Deny the allegations contained in Paragraph designated 12 of the Master Complaint and deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs designated 12a, 12b, 12c and 12d of the Master Complaint.

  7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Master Complaint.

  8. Deny the allegations contained in paragraphs 14, 15, 16 and 17 of the Master Complaint, insofar as they relate to the Answering Defendants, except admit that the Answering Defendant(s), was a New York domestic limited liability company doing business in the State of New York, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Master Complaint insofar as they pertain to persons or entities other than Answering Defendant(s).

  9. Deny the allegations contained in Paragraphs designated 18, 19, 20, 21, 22, 23, 24,

26, 27, 28, 29, 30 and 31 of the Master Complaint insofar as they relate to Answering Defendant(s), and deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than Answering Defendant(s).

10.     Deny knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraphs designated 25 of the Master Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs designated 32 and 33 of the Master Complaint

## AS TO THE FIRST CAUSE OF ACTION
## PURSUANT TO LABOR LAW SECTION 200

12.     Deny the allegations contained in Paragraphs designated 34, 35, 36, 37, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 67, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 101 and 102 of the Master Complaint insofar as they relate to Answering Defendant(s), and deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than Answering Defendant(s).

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs designated 39 and 40 of the Master Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of those allegations the allegations contained in Paragraphs designated 41 of the Master Complaint.

15.     Deny the allegations contained in paragraphs designated 61, 68, 69, 70, 71, 72, 88, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 114, 115, 116, 117, 118 and 119, of the Master Complaint and leaves all questions of law to the determination of the Court.

16.     Deny the allegations contained in paragraphs designated 103, 104, 105, 106, 107,

108, 109, 111, 112 and 113, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142 and 143 of the Master Complaint.

17.    Deny the allegations contained in paragraph designated 110 of the Master Complaint insofar as it relates to Answering Defendant(s), and deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than Answering Defendant(s).

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130 and 131 of the Master Complaint.

## AS TO THE SECOND CAUSE OF ACTION
## PURSUANT TO LABOR LAW SECTION 241(6)

19.    As to the allegations contained in paragraph "144" of the Master Complaint, the Answering Defendants repeat, reiterate and reallege their answers to each and every allegation set forth in Paragraphs "1" through "143" of the Master Complaint with the same force and effect as if fully set forth herein.

20.    Deny the allegations contained in paragraphs designated 145 and 146 of the Master Complaint insofar as it relates to Answering Defendant(s), and deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than Answering Defendant(s).

21.    Deny the allegations contained in paragraphs designated 147 of the Master Complaint.

## AS TO THE THIRD CAUSE OF ACTION
## BASED UPON COMMON LAW NEGLIGENCE

22.     As to the allegations contained in paragraph "148" of the Master Complaint, the Answering Defendant(s) repeat, reiterate and reallege their answers to each and every allegation set forth in Paragraphs "1" through "147" of the Master Complaint with the same force and effect as if fully set forth herein.

23.     Deny the allegations contained in paragraphs designated 149 of the Master Complaint insofar as it relates to Answering Defendant(s), and deny knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to persons or entities other than Answering Defendant(s).

24.     Deny the allegations contained in paragraphs designated 150 of the Master Complaint.

**AS TO THE FOURTH CAUSE OF ACTION
ON BEHALF OF DERIVATIVE PLAINTIFF, THE
SPOUSE OF THE INJURED PLAINTIFF, HEREIN, WHEREIN
HE/SHE SUSTAINED DAMAGES AS A RESULT OF INJURIES
SUSTAINED BY INJURED PLAINTIFF DUE TO DEFENDANT(S)'
NEGLIGENCE AND STATUTORY VIOLATIONS AND AS
OTHERWISE AFOREMENTIONED**

25.     As to the allegations contained in paragraph "151" of the Master Complaint, the Answering Defendant(s) repeat, reiterate and reallege their answers to each and every allegation set forth in Paragraphs "1" through "150" of the Master Complaint with the same force and effect as if fully set forth herein.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "152" of the Master Complaint.

27.     Deny the allegations contained in paragraphs designated 153, 154, 155 and 156 of the Master Complaint.

**AS TO THE FIFTH CAUSE OF ACTION**

**FOR WRONGFUL DEATH**

28.    As to the allegations contained in paragraph "157" of the Master Complaint, the Answering Defendant(s) repeat, reiterate and reallege their answers to each and every allegation set forth in Paragraphs "1" through "156" of the Master Complaint with the same force and effect as if fully set forth herein.

29.    Deny the allegations contained in paragraphs designated 158, 159, 160, 161, 164, 165, 166 and 167 of the Master Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "162" and "163" of the Master Complaint.

**AS TO THE UNNUMBERED SECTION**
**ENTITLED "PRAYER FOR RELIEF"**

31.    Deny allegations contained in the unnumbered paragraph following the Section entitled "Prayer for Relief".

**AS TO THE UNNUMBERED SECTION**
**ENTITLED "JURY TRIAL DEMAND"**

32.    With respect to the unnumbered paragraph following the Section entitled "Jury Trial Demand", refer all questions of Law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

33.    The Master Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

34.    Plaintiff has failed to join as parties one or more persons or entities needed for just and complete adjudication of the matters in controversy.

**THIRD AFFIRMATIVE DEFENSE**

35.    This action must be dismissed as against Answering Defendant(s)by reason of

insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

36.    This action must be dismissed as against Answering Defendant(s) by reason of insufficiency of service of process.

## FIFTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

41.    The Answering Defendants are immune from liability pursuant to N.Y Unconsolidated Law § 9193.

## TENTH AFFIRMATIVE DEFENSE

42.    To the extent that any of the Answering Defendant(s) might be held vicariously liable for the actions taken or inactions not taken by the federal Occupational Safety and Health Administration ("OSHA"), the federal Environmental Protection Agency ("EPA"), and/or other federal, state and city agencies and employees for which those agencies or employees are immune from liability under federal and/or state common law and/or under federal and or state statute, the Answering Defendant(s) are likewise immune from liability for those actions or inactions pursuant to the federal and/or state common law and/or federal and/or statute.

## ELEVENTH AFFIRMATIVE DEFENSE

43.    Although the Answering Defendant(s) specifically denied that any one or more of them took any action or failed to take any action following the September 11, 2001 attacks for which any one or more of them rightfully might be cast in liability for plaintiffs claimed injuries, to the extent that the Answering Defendant(s) are found to have taken any such actions or failed to take any such actions, all such actions or inactions were taken under the direction or control of OSHA, EPA and other federal, state and city agencies and employees acting in their governmental capacity; accordingly, the Answering Defendant(s) are immune from liability for those actions or in actions, pursuant to the federal official immunity doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

44.    Although the Answering Defendant(s) specifically denied that any one or more of them took any action or failed to take any action following the September 11, 2001 attacks for which any one or more of them rightfully might be cast in liability for plaintiffs claimed injuries, to the extent that any of the Answering Defendant(s) are found to have taken any such actions or failed to take any such actions, all such actions or inactions were taken under the direction or control of OSHA, EPA and/or other federal, state and city agencies and employees acting in their governmental capacity; accordingly, the Answering Defendant(s) are immune from liability for those inactions or actions, pursuant to the federal official immunity doctrine under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. Section 5121, et seq..

## THIRTEENTH AFFIRMATIVE DEFENSE

45.    Although the Answering Defendant(s) specifically denied that they took any action or failed to take any action following the September 11, 2001 attacks for which they rightfully might be cast in liability for plaintiffs claimed injuries, to the extent that any of the Answering Defendant(s)

is found to have taken any such actions or failed to take any such actions, all such actions or inctions were taken in performance of discretionary governmental functions undertaken by OSHA, EPA and/or other federal, state or city agencies and employees; accordingly, the Answering Defendant(s) are immune from liability for those actions or inactions pursuant to federal common law and/or the common law of the state of New York.

### FOURTEENTH AFFIRMATIVE DEFENSE

46.    One or more of plaintiffs claims for relief must be dismissed because plaintiffs have another action pending against one or more of the Answering Defendant(s) for the same claims for relief in this court or another court.

### FIFTEENTH AFFIRMATIVE DEFENSE

47.    To the extent the plaintiff seeks to impose liability upon the Answering Defendant(s) based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law, that does not apply to the specific Answering Defendant(s) against which it is alleged.

### SIXTEENTH AFFIRMATIVE DEFENSE

48.    To the extent that plaintiff seeks to impose liability upon the Answering Defendant(s) based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law that did not impose a duty or obligation upon the specific Answering Defendant(s) under the factual circumstances presented relevant to this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

49.    The Answering Defendants owed no duty to the plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

50.    To the extent that plaintiff seeks to impose a duty upon the Answering Defendant(s)

based upon any statute, regulation or other law, no such duty may be founded on any statute, regulation or other law that does not apply to the specific Answering Defendant(s) against which it is alleged.

## NINETEENTH AFFIRMATIVE DEFENSE

51.    To the extent the plaintiff seeks to impose a duty upon the Answering Defendant(s) based upon any statute, regulation or other law or based upon any industry standard or practice, no such duty may be founded on any statute, regulation or other law or any industry standard or practice that does not regulate the conduct of any category of persons or entities to which the specific Answering Defendant(s) against which it is alleged.

## TWENTIETH AFFIRMATIVE DEFENSE

52.    To the extent that any one or more of the Answering Defendant(s) is found to have owed a duty to plaintiffs which all of the Answering Defendant(s) specifically denied, each of the Answering Defendant(s) acted reasonably under the circumstances and complied with applicable statutes, regulations, codes and industry standards.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

53.    To the extent that it is determined that any one or more of the Answering Defendant(s) owed a duty to the plaintiff, which the Answering Defendant(s) specifically denied, the scope of any such duty is limited and circumscribed pursuant to New York's emergency doctrine as more fully set forth in the New York Pattern Jury Instructions 2:14.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

54.    Plaintiffs claim against the Answering Defendant(s) must be dismissed because subsequent to September 11, 2001 and on the dates of plaintiffs alleged injuries, none of the Answering Defendant(s) supervised, controlled, authorized or consented to any of the work that

allegedly resulted in the claimed injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

55.    To the extent that the Master Complaint alleges that any of the Answering Defendant(s) was a principal or agent of any other defendant in this action, none of the Answering Defendant(s) are or ever have been, the principal for any other defendant in this action and no other defendant in this action serves or functioned, or has served war functions, as an agent(actual or constructive) for any of the Answering Defendant(s).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

56.    To the extent the plaintiffs seek recovery for injuries allegedly suffered at a location for which the Answering Defendant(s) (or any one or more of them) are claimed to be legally liable at a time when the Answering Defendant(s) (or any one or more of them) had no legal relationship to that location, those of the Answering Defendant(s) having no legal relationship to that location at the time of plaintiffs alleged injuries cannot be held liable for those claimed injuries.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

57.    Plaintiff(s) claims against the Answering Defendant(s) must be dismissed because none of the Answering Defendant(s) occupied, possessed and/or controlled the area at or near the location where plaintiff alleges being injured.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

58.    To the extent that one or more of the Answering Defendant(s) had any property interest in any part of the location known as 233 Broadway , such property interest or interests were confined to a leasehold or leaseholds; accordingly, because such of the Answering Defendant(s) as had leasehold interests were out-of-possession to those interests at the time of all relevant events alleged in the Master Complaint, plaintiff's claims against the Answering Defendant(s) must be

dismissed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims against the Answering Defendant(s) must be dismissed because subsequent to September 11, 2001 and on the dates of plaintiff's alleged injuries, the City of New York had taken possession and control of lower Manhattan, including the area encompassing 233 Broadway, pursuant to the City of New York's Declaration of a State of Emergency.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims against the Answering Defendant(s) must be dismissed because plaintiff's alleged injuries were not caused by someone or something under exclusive control of any one or more of the Answering Defendant(s).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

61.    There was no defect or unsafe condition on the property at issue.

## THIRTIETH AFFIRMATIVE DEFENSE

62.    The Answering Defendant(s) did not create any defect and/or unsafe condition on the property at issue.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

63.    None of the Answering Defendant(s) had actual or constructive notice of any defect and/or unsafe condition on the property at issue.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

64.    To the extent that the Answering Defendant(s) is deemed to have actual knowledge of any defect and/or unsafe condition on the property, which the Answering Defendant(s) expressly deny, the Answering Defendant(s) acted reasonably under all the circumstances with respect to any such defense and/or unsafe condition.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

65.     To the extent that any of the Answering Defendant(s) is found to have actual or constructive notice of any defect or unsafe condition on the property at issue, that Answering Defendant(s) did not have the opportunity prior to the time of plaintiff's claimed injuries to remediate or ameliorate any such defect and/or unsafe condition on the property in question before plaintiff's claimed injuries occurred.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

66.     The alleged injuries and/or damages complained of were not proximately caused by any negligence or culpable conduct on the part of many of the Answering Defendant(s), their agents, or their employees.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

67.     The conditions at and around the property at issue about which plaintiff complains constituted open and obvious hazards against which the Answering Defendant(s) had no duty to warn.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

68.     Any injuries and/or damages complained of were caused by the unforeseeable, intervening, and/or superseding acts of third parties who were not under the care, custody, control, or supervision of any of the Answering Defendant(s) and therefore, none of the Answering Defendant(s) can be held liable for plaintiff's alleged injuries and/or damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

69.     No acts or omissions of the Answering Defendant(s), their agents, or their employees proximately caused any injuries or damages allegedly sustained by plaintiff.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

70.    Any injuries and/or damages sustained by plaintiff were caused solely by the actions or inactions of persons or entities for whose conduct the Answering Defendant(s) are not legally responsible.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

71.    The conditions at and around the property at issue about which plaintiff complains constituted open and obvious hazards that the allegedly injured plaintiff was obligated to avoid and/or against which the allegedly injured plaintiff was required to take reasonable and appropriate precautions so as to avoid injury.

### FORTIETH AFFIRMATIVE DEFENSE

72.    Because the allegedly injured plaintiff failed to avoid the open and obvious hazards and/or to take reasonable precautions against injury resulting from such open and obvious hazards, none of the Answering Defendant(s) may be held liable for any such resulting injuries.

### FORTY-FIRST AFFIRMATIVE DEFENSE

73.    To the extent that plaintiff was hired to mitigate, remediate or eliminate the very hazard that plaintiff claims caused the alleged injuries, plaintiff cannot recover for injuries caused by the very hazard that plaintiff was hired to mitigate, remediate or eliminate.

### FORTY-SECOND AFFIRMATIVE DEFENSE

74.    To the extent that plaintiff was not lawfully on the premises at which plaintiff claims to have been injured, plaintiff may not recover from the Answering Defendant(s) for the claimed injuries.

### FORTY-THIRD AFFIRMATIVE DEFENSE

75.    Plaintiff has suffered no compensable injuries.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

76.    Plaintiff failed to mitigate or otherwise act to lessen or reduce his/her damages.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

77.    Plaintiff's speculative, uncertain and/or contingent damages have not accrued and are not recoverable.

### FORTY-SIXTH AFFIRMATIVEDEFENSE

78.    Plaintiffs alleged injuries were caused directly, solely and proximately by sensitivities, idiosyncrasies, and other reactions peculiar to the allegedly injured plaintiff and not found in the general public.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

79.    Any injuries and/or damages sustained by plaintiff were caused or contributed to by the allegedly injured plaintiff's own negligence or otherwise culpable conduct.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

80.    Any injuries and/or damages sustained by plaintiff werel caused, in whole or in part, by the failure of the allegedly injured plaintiff to exercise reasonable and ordinary care, caution and/or vigilance under the circumstances.

### FORTY-NINTH AFFIRMATIVE DEFENSE

81.    The allegedly injured plaintiff failed to take reasonable and/or adequate steps and precautions for his/her own safety.

### FIFTIETH AFFIRMATIVE DEFENSE

82.    The allegedly injured plaintiff assumed the risk that is claimed to have resulted in the injuries complained of.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

83.    Any recovery by plaintiff for the injuries alleged is barred, in whole or in part, by the

allegedly injured plaintiff's failure to use appropriate safety devices made available to him/her that would have reduced or prevented his/her alleged injuries.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

84.    Any recovery by plaintiff for the injuries alleged is barred, in whole or in part, by the allegedly injured plaintiff's misuse of appropriate safety devices made available to him/her that would have reduced or prevented his/her alleged injuries.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

85.    Pursuant to Section 1411 of the New York Civil Practice Law and Rules, the amount of damages, if any, recoverable by plaintiff must be diminished in the proportion which the allegedly injured plaintiff's negligence, assumption of the risk and/or other culpable conduct bears to the overall culpable conduct that caused the damages.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

86.    The negligence of allegedly injured plaintiff and/or his/her employer proximately caused the claimed injuries and damages, and, if plaintiff is entitled to damages as against any of the Answering Defendant(s), which the Answering Defendant(s) specifically deny, in any amount recovered from any of the Answering Defendant(s) must be reduced by all workers compensation payments received by plaintiff.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

87.    In accordance with section 4545 ( c ) of the New York Civil Practice Law and Rules, any verdict or judgment recovered by plaintiff as against any of the Answering Defendant(s) must be reduced by any past or future costs or expenses incurred or to be incurred by plaintiff for medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, which have been or with reasonable certainty will be replaced or indemnified by any collateral source, such as

insurance (except life insurance), Social Security, workers compensation, medical monitoring programs, and/or employee benefit programs.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

88.    In accordance with Article 16 of the New York civil practice law and rules, if the liability of any of the Answering Defendants(s) is found to be 50% or less of the total liability assigned to all persons liable, the Answering Defendant(s) liability to plaintiff for non-economic loss shall not exceed that Answering Defendant(s) equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

89.    Plaintiff is not entitled to any of the exceptions to Article 16 of the New York Civil Practice Law and Rules as set forth in Section 1602 of the New York Civil Practice Law and Rules.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

90.    In accordance with Section 15-108 of the New York General Obligations Law, to the extent that plaintiff has given an alleged tortfeasor other than the relevant Answering Defendant(s) a release or covenant not to sue or not to enforce a judgment, plaintiff's claims against that relevant Answering Defendant(s) must be reduced to the extent of any amount stipulated by the release or covenant, or in the amount of the consideration paid for it or in the amount of the released tortfeasors equitable share of the damages, whichever is greater.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

91.    To the extent that plaintiff seeks recovery from any one or more of the Answering Defendant(s) for medical monitoring damages, such damages may not be awarded to plaintiff in the absence of the clinically-demonstrable presence in the allegedly injured plaintiff's body of a toxin

for which that Answering Defendant(s) is purportedly responsible or of some other indication of a disease currently suffered by the allegedly injured plaintiff that was induced by a toxin for which that Answering Defendant(s) is purportedly responsible.

## SIXTIETH AFFIRMATIVE DEFENSE

92.    To the extent that plaintiff seeks recovery of damages from any one or more of the Answering Defendant(s) arising from the allegedly injured plaintiff's claimed emotional distress or fear of cancer arising from claimed exposure to certain toxins, such damages may not be awarded to plaintiff in the absence of the clinically-demonstrable presence in the allegedly injured plaintiff's body of a toxin for which that specific Answering Defendant(s) is purportedly responsible or of some other indication of a disease currently suffered by the allegedly injured plaintiff that was induced by a toxin for which that specific Answering Defendant(s) is purportedly responsible.

## SIXTIETH-FIRST AFFIRMATIVE DEFENSE

93.    To the extent that plaintiff seeks recovery of damages from any one or more of the Answering Defendant(s) arising from the allegedly injured plaintiff's claimed fear of developing cancer, such damages may not be awarded to plaintiff in the absence of the clinically-demonstrable presence in the allegedly injured plaintiffs body of a carcinogenic toxin for which that specific Answering Defendant(s) is purportedly responsible or of some other indication of a disease currently suffered by the allegedly injured plaintiff that was induced by a carcinogenic toxin for which that specific Answering Defendant(s) is purportedly responsible.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

94.    To the extent that plaintiff asserts claims against one or more of the Answering Defendant(s) arising under the New York Labor Law, any such claims must be dismissed because any property interest in any part of the alleged location held by any one or more of the Answering

Defendant(s) was confined to an out-of-possession leasehold interest at the time of all relevant events alleged in the Master Complaint.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

95.    To the extent that plaintiff was present on the premises at which he/she allegeed to have suffered his/her claimed injuries in any capacity or status other than an employee engaged to perform the alleged work, plaintiff was not a member of the class of persons and that the New York Labor Law was enacted to protect, and thus, cannot recover damages for his/her claimed injuries under any provision of the New York Labor Law, including Sections 200 and 241 (6) thereof.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

96.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 200 of the New York Labor Law, such claims must be dismissed because none of the Answering Defendant(s) actually authorized or authorized by operation of law the activities on the property that allegedly caused plaintiff's injuries.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

97.    To the extent plaintiff asserts claims against the Answering Defendants under Section 200 of the New York Labor Law, such claims must be dismissed because none of the Answering Defendant(s) exercise supervision or control over the activities alleged to have caused plaintiff's injuries.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

98.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 200 of the New York Labor Law, such claims must be dismissed because none of the Answering Defendant(s) owed any duty to the allegedly injured plaintiff.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

99.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 200 of the New York Labor Law, such claims must be dismissed because no action or inaction on the part of any of the Answering Defendant(s) was or could be the proximate cause of the injuries alleged by plaintiff.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

100    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because none of the Answering Defendant(s) actually authorized or authorized by operation of law the activities on the property that allegedly caused plaintiff's injuries.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

101.    To the extent that plaintiff asserts claims against the Answering Defendant(s) under Section 241(6) of the New York Labor Law based upon violations of any rules or regulations that regulated only the conduct of any category or categories of persons or entities to which the Answering Defendant(s) did not and do not belong, such claims must be dismissed as against each of the Answering Defendant(s).

### SEVENTIETH AFFIRMATIVE DEFENSE

102.    To the extent that plaintiff asserts claims against Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed, because no applicable rules or regulations were violated by any of the Answering Defendant(s).

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

103.    To the extent the plaintiff asserts claims against the Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because plaintiff did not engage in construction, demolition or excavation work, as defined in the applicable

regulations at the time of his/her alleged injuries for which the Answering Defendant(s) are claimed to be responsible and as required to receive the benefit of that statute.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

104.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they rely and are based upon regulations or statutes not set forth within-or incorporated into-Part 23 of 12 N.Y.C.R.R.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

105.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because any alleged violation of any of the regulations set forth in the Master Complaint did not proximately cause the injuries complained of.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

106.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they rely and are based upon rules or regulations that are factually inapposite to circumstances supposedly given rise to plaintiff's claimed injuries.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

107.    Plaintiffs Labor Law Section 241(6) claim must be dismissed because plaintiff has failed to allege in the Master Complaint the violation of any regulation upon which such Section 241(6) liability could rest.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

108.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising

under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they rely and are based on alleged violations of rules or regulations that do not constitute a concrete or specific standard of conduct.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

109.    To the extent this action seeks direct or derivative recovery on behalf of a firefighter or police officer for injuries suffered while serving in that capacity, the "Firefighters Rule" bars any recovery herein by plaintiff.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

110.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they seek recovery based upon supposed violations of any laws, statutes, rules or regulations that do not apply to any of the Answering Defendant(s).

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

111.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed because the right of action established by provisions of the General Municipal Law does not extend to the recovery of damages for injuries suffered during the demolition of a building or buildings or during debris removal from a collapsed or condemned building or buildings.

## EIGHTIETH AFFIRMATIVE DEFENSE

112.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising against the Answering Defendants under the New York General Municipal Law, law such claims must be dismissed because none of the Answering Defendant(s) occupied, possessed and/or controlled the area at or near the location where plaintiff alleges being injured at the time of any of

the relevant events alleged in the Master Complaint.

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

113.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed because any property interest in any part of the alleged location held by any one or more of the defendants was confined to an out of-of-possession leasehold interest at the time of all relevant events alleged in the Master Complaint.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

114.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they are founded upon the alleged violations of any statute, law, rule or regulation arising from alleged defects on the property at issue that the Answering Defendant(s) were unable to detect or to remedy prior to the claimed exposure that purportedly gave rise to plaintiffs alleged injuries.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

115.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed in so far as they are founded upon alleged violations of any statute, law, rule or regulation that is not related to the safety, condition or maintenance of the property at issue (e.g., statutes, laws, rules or regulations related to the availability or utility of respiratory protection).

## EIGHTY-FOURTH AFFIRMATIVE DEFENSE

116.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they seek recovery for claimed violations of any statutes, laws, rules or regulations that regulated only the

conduct of a category or categories of persons or entities to which the Answering Defendant(s) did not and do not belong.

### EIGHTY-FIFTH AFFIRMATIVE DEFENSE

117.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they are founded upon alleged common-law duties not codified in a statute, law, rule or regulation enacted by a governmental entity of the state of New York.

### EIGHTY-SIXTH AFFIRMATIVE DEFENSE

118.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they are based on alleged violations of statutes laws, rules or regulations that do not mandate the performance or nonperformance of specific acts.

### EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

119.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they fail to specify the precise statutes, laws, rules or regulations allegedly violated by each of the Answering Defendant(s) that purportedly gave rise to plaintiff's claimed injuries.

### EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

120.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed because no applicable statutes, laws, rules or regulations were violated by any of the Answering Defendant(s).

### EIGHTY-NINTH AFFIRMATIVE DEFENSE

121.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising

under the New York General Municipal Law, such claims must be dismissed because any alleged violation of any of the regulations set forth in the Master Complaint did not proximately cause the injuries complained of.

### NINETIETH AFFIRMATIVE DEFENSE

122.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed insofar as they seek recovery for alleged injuries that were suffered at a time when the allegedly injured plaintiff was not actively serving as a New York City employee, but rather, was present at the property at issue as a volunteer or in some other non-employment-related capacity because no recovery may be had under New York's General Municipal Law for such claimed injuries.

### NINETY-FIRST AFFIRMATIVE DEFENSE

123.    To the extent that plaintiff asserts claims against the Answering Defendant(s) arising under the New York General Municipal Law, such claims must be dismissed because no such claim is pled in the Master Complaint.

### NINETY-SECOND AFFIRMATIVE DEFENSE

124.    Plaintiff lacks standing to bring a wrongful death claim on behalf of his/her purported decedent.

### NINETY-THIRD AFFIRMATIVE DEFENSE

125.    The conditions precedent to the maintenance of a wrongful death claim have not been met.

### NINETY-FOURTH AFFIRMATIVE DEFENSE

126.    None of the Answering Defendant(s) owed any duty to plaintiffs decedent.

### NINETY-FIFTH AFFIRMATIVE DEFENSE

127. Plaintiffs decedent's death was not actually caused, in whole or in part, by the actions or inactions of any of the Answering Defendant(s).

## NINETY-SIXTH AFFIRMATIVE DEFENSE

128. No actions or inactions of any of the Answering Defendant(s) were a proximate cause of the plaintiff's decedent's death.

## NINETY-SEVENTH AFFIRMATIVE DEFENSE

129. Plaintiff's decedent's death was caused, in whole or in part, by plaintiff's decedent's own culpable conduct.

## NINETY-EIGHTH AFFIRMATIVE DEFENSE

130. Plaintiff has suffered no economic loss as a result of the death of his/her decedent.

## NINETY-NINTH AFFIRMATIVE DEFENSE

131. To the extent that plaintiff attempts to found a wrongful death claim against any of the Answering Defendant(s) based upon the concept of "strict liability", no facts are alleged in the Master Complaint that would support the imposition of strict liability.

## ONE HUNDREDTH AFFIRMATIVE DEFENSE

132. To the extent that plaintiff seeks recovery of exemplary or punitive damages from any of the Answering Defendant(s), such recovery is barred because exemplary or punitive damages are not recoverable or warranted in this action.

## ONE HUNDRED FIRST AFFIRMATIVE DEFENSE

133. To the extent that plaintiff seeks recovery of exemplary or punitive damages from the Answering Defendant(s), such recovery is unavailable because the conduct of the Answering Defendant(s) was not reckless, malicious, willful, or grossly negligent.

## ONE HUNDRED SECOND AFFIRMATIVE DEFENSE

134.    To the extent that plaintiff seeks recovery of exemplary or punitive damages from the Answering Defendant(s) founded on the law of any jurisdiction other than New York State, such recovery is barred by the applicable proscriptions of the Constitution or other supreme law of such jurisdiction.

### ONE HUNDRED THIRD AFFIRMATIVE DEFENSE

135.    Any and all actions of the Answering Defendant(s) were undertaken in good faith and involved matters and decisions for which the Answering Defendant(s) have immunity from liability, and, therefore, plaintiff is not entitled to the relief sought or to recover any damages as against the Answering Defendant(s).

### ONE HUNDRED FOURTH AFFIRMATIVE DEFENSE

136.    To the extent that plaintiff seeks recovery of exemplary or punitive damages from the Answering Defendant(s) such recovery is barred because by the Due Process Clause of the Fifth and Fourteenth Amendments to and ex post facto clause of Article I, Section 10, of the United States Constitution and Article I, Section 6 of the New York State Constitution.

### ONE HUNDRED FIFTH AFFIRMATIVE DEFENSE

137.    To the extent the plaintiff seeks recovery of exemplary or punitive damages from the Answering Defendant(s), such recovery is barred because by the prescriptions of the Eighth Amendment to the United States Constitution and Article I, Section 5, of the New York State Constitution prohibiting the imposition of excessive fines.

### ONE HUNDRED SIXTH AFFIRMATIVE DEFENSE

138.    To the extent the law of any other jurisdiction is deemed applicable to this action, any demand by plaintiff of punitive damages is barred by the applicable proscriptions of the Constitution of such jurisdiction.

## ONE HUNDRED SEVENTH AFFIRMATIVE DEFENSE

139.    Plaintiff lacks the capacity, standing or authority to bring this action, in whole or in part.

## ONE HUNDRED EIGHTH AFFIRMATIVE DEFENSE

140.    Plaintiff's loss of consortium claim is barred as a matter of law to the extent that the alleged injuries predate the date of plaintiff's marriage.

## ONE HUNDRED NINTH AFFIRMATIVE DEFENSE

141.    Any injuries and/or damages sustained by plaintiff or the direct result of plaintiff's recalcitrance in failing to use the personal protective equipment provided.

## ONE HUNDRED TENTH AFFIRMATIVE DEFENSE

142.    Any injuries and/or damages sustained by plaintiff was a direct result of plaintiff's deliberate misuse of the personal protective equipment provided.

## ONE HUNDRED ELEVENTH AFFIRMATIVE DEFENSE

143.    Any injuries and/or damages sustained by plaintiff were proximately caused by plaintiff's unauthorized alteration of the personal protective equipment, including the use of respirators, at issue.

## ONE HUNDRED TWELFTH AFFIRMATIVE DEFENSE

144.    Plaintiff contributed to his/her injuries by the use and/or misuse, either in whole or in part, of other substances, products, medications and/or drugs, including but not limited to any tobacco products.

## ONE HUNDRED THIRTEENTH AFFIRMATIVE DEFENSE

145.    Plaintiffs significant pre-existing medical conditions caused his/her alleged injuries, damages, or losses.

## ONE HUNDRED FOURTEENTH AFFIRMATIVE DEFENSE

146.    All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth herein.  In addition, the Answering Defendant(s) will rely upon any and all further defenses which become available or appear during discovery in this action and hereby specifically reserves the right to amend its answer for the purpose of asserting any such additional defenses.

WHEREFORE, the Answering Defendant(s) demand judgment:

A.    Dismissing the Master Complaint as against the Answering Defendant(s) with prejudice;

B.    Awarding the Answering Defendant(s) its costs and disbursements of this action; and.

C.    Such other and further relief as this Court deems proper and appropriate.

Dated: New York, New York
       October 5, 2007

FRANK A. SCANGA, ESQ.
Attorney for Defendants,
233 Broadway Owners LLC.
477 Madison Avenue
21st Floor
New York, New York 10022
(212) 758-4040

By: _____
    Frank A. Scanga (FS 1460)

To: See attached Service List

STATE OF NEW YORK    )
                                   )
COUNTY OF NEW YORK )  SS.:

        I, Frank A. Scanga, Esq. being duly sworn, deposes and says that on the 5rd day of October, 2007, I served the within AMENDED ANSWER TO MASTER COMPLAINT, upon the attorneys (or other persons) whose names and addresses are set forth below, by enclosing a true copy thereof, in a securely sealed, postpaid wrapper, addressed to their respective addresses, and by depositing same in the official depository maintained by the U.S. Postal Service, at 477 Madison Avenue, 21st Floor, New York, New York, 10022:

**TO:**    See attached Service List

Deponent is over the age of 18 and is not a party to this action.

Frank A. Scanga, Esq.

Sworn to before me this _____ day
of August, 2007

-------------------------------
NOTARY PUBLIC

Index No. 21 MC 102

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

--------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------

ANSWER

--------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------

FRANK A. SCANGA, ESQ.
Attorneys for Defendants
233 Broadway Owners LLC.
477 Madison Avenue
21st Floor
New York, New York 10022
(212) 758-4040